The Honorable Bill Stephens State Representative 28 Forest Lane Conway, AR 72032
Dear Representative Stephens:
This is in response to your request for an opinion regarding Christmas programs offered in the public schools. Your question is restated as follows:
 How far can the School District go and what can it do on Christmas programs and the religious connotations surrounding the birth of the Christ child as opposed to pure Santa Claus, etc[.]?
The First Amendment of the United States Constitution provides that "Congress shall make no law respecting an establishment of religion, or prohibiting the free exercise thereof. . ." This clause was made applicable to the states by theFourteenth Amendment. Cantwell v. Connecticut, 310 U.S. 296 (1940); Murdock v. Pennsylvania, 319 U.S. 105, 108 (1943).
The Supreme Court has noted, however, that "total separation (between church and state) is not possible in an absolute sense." Lemon v. Kurtzman, 403 U.S. 602, 614 (1971). It is the duty of the court to decide, as a matter of fact, whether or not any activity constitutes the exercise of religion. Brown v. Dade County Christian Schools, 556 F.2d 310, cert. den'd 434 U.S. 1063
(1978).
In determining whether governmental activity violates the Establishment Clause, the inquiry calls for line drawing, for no fixed per se rule can be framed. Lynch v. Donnelly, 465 U.S. 668
(1984). As a result, the Court has developed a three (3) part test for determining when certain governmental activity falls within the constitutional boundaries: First, the activity must have a secular purpose; second, its principal or primary effect must be one that neither advances nor inhibits religion; finally, the activity must not foster "an excessive governmental entanglement with religion." Lemon, 403 U.S. at 612-613. In order for a challenged practice to pass constitutional muster, each part of the test must be met.
Secular Purpose The purpose and the educational goal should be to advance the student's knowledge and appreciation of the role that a religious heritage has played in the social, cultural, and historical development of civilization. Florey v. Sioux Falls School District 49-5, 619 F.2d 1311, 1314 (1980). The secular purpose would be achieved if the activity is for the advancement of the student's knowledge of society's cultural and religious heritage, as well as the provision of an opportunity for students to perform a full range of music, poetry, and drama that is likely to be of interest to the students and their audience. Id. There can be no intent to serve a religious purpose.
Effect The First Amendment does not forbid all mention of religion in public schools; it is the effect, the advancement or inhibition of religion, that is prohibited. Hence, the study of religion is not forbidden "when presented objectively as a part of a secular program of education." Abington School District v. Schempp,374 U.S. 203 (1963).
Public performance may be considered a legitimate part of secular study. Florey, 619 F.2d at 1316. This does not mean, of course, that religious ceremonies can be performed in the public school under the guise of "study". It does mean, however, that much of the art, literature, and music associated with traditional holidays, particularly Christmas carols, has acquired a significance which is no longer confined to the religious sphere of life. They have become integrated into our national culture and heritage. See Florey, 464 F. Supp. 911 (1979).
The Florey court, on the other hand, found a kindergarten Christmas program containing "The Beginner's Christmas Quiz" unconstitutional. The program and treatment of religious subjects were classified as "inherently religious activities." Florey,464 F. Supp. at 914. This program was not considered to be "integrated into our natural culture and heritage".
Excessive Entanglement To avoid excessive entanglement, the school districts are called upon to determine whether a given activity is religious. This type of decision inheres in every curriculum choice and should be faced by school administrators and teachers. Florey, 619 F.2d at 1318.
These precepts compel the conclusion that programs focused solely upon informing students about "the birth of the Christ Child" are constitutionally suspect," and may be considered an "inherently religions activity."
As previously noted, the court will draw these lines based upon the three (3) part test presented in Lemon v. Kurtzman. The Eight[h] Circuit Court of Appeals in Florey v. Sioux Falls School District analyzed the policies and rules on holiday programs which were adopted by the school board. The court held: (1) the school board's adoption of policy and rules permitting observance of holidays having both a religious and secular basis was not activated by an attempt to advance or inhibit religion; (2) the primary effect of the rules was the advancement of a secular program of education, not a religion; and (3) the rules did not unconstitutionally entangle the school district in religion or religions institutions.
I have attached a restatement of these policies, obtained from the Florey case. (619 F.2d 1311, 1319-1320) I hope that these will be of some guidance for any programs you might plan in the future.
The foregoing opinion, which I hereby approve, was prepared by Assistant Attorney General Elisabeth A. Walker.
. . . For attachment see 88-115.1. . .
I. POLICY
Recognition of Religious Beliefs and Customs It is accepted that no religious beliefs or non-belief should be promoted by the school district or its employees, and none should be disparaged. Instead, the school district should encourage all students and staff members to appreciate and be tolerant of each other's religious views. The school district should utilize its opportunity to foster understanding and mutual respect among students and parents, whether it involves race, culture, economic background or religious beliefs. In that spirit of tolerance, students and staff members should be excused from participating in practices which are contrary to their religious beliefs unless there are clear issues of overriding concern that would prevent it.
The Sioux Falls School District recognizes that one of its educational goals is to advance the students' knowledge and appreciation of the role that our religious heritage has played in the social, cultural and historical development of civilization.
II. RULES
Observance of Religious Holidays The practice of the Sioux Falls School District shall be as follows:
 1. The several holidays throughout the year which have a religious and a secular basis may be observed in the public schools.
 2. The historical and contemporary values and the origin of religious holidays may be explained in an unbiased and objective manner without sectarian indoctrination.
 3. Music, art, literature and drama having religious themes or basis are permitted as part of the curriculum for school-sponsored activities and programs if presented in a prudent and objective manner and as a traditional part of the cultural and religious heritage of the particular holiday.
 4. The use of religious symbols such as a cross, menorah, crescent, Star of David, creche, symbols of Native American religions or other symbols that are a part of a religious holiday is permitted as a teaching aid or resource provided such symbols are displayed as an example of the cultural and religious heritage of the holiday and are temporary in nature. Among these holidays are included Christmas, Easter, Passover, Hannukah, St. Valentine's Day, St. Patrick's Day, Thanksgiving and Halloween.
 5. The school district's calendar should be prepared so as to minimize conflicts with religious holidays of all faiths.
Religion in the Curriculum Religious institutions and orientations are central to human experience, past and present. An education excluding such a significant aspect would be incomplete. It is essential that the teaching about — and not of — religion be conducted in a factual objective and respectful manner.
Therefore, the practice of the Sioux Falls School District shall be as follows:
 1. The District supports the inclusion of religious literature, music, drama and the arts in the curriculum and in school activities provided it is intrinsic to the learning experience in the various fields of study and is presented objectively.
 2. The emphasis on religious themes in the arts, literature and history should be only as extensive as necessary for a balanced and comprehensive study of these areas. Such studies should never foster any particular religious tenents [tenets] or demean any religious beliefs.
 3. Student-initiated expressions to questions or assignments which reflect their beliefs or non-beliefs about a religious theme shall be accommodated. For example, students are free to express religious belief or non-belief in compositions, art forms, music, speech and debate.
Dedications and Commencement Traditions are a cherished part of the community life and the Sioux Falls School District expresses an interest in maintaining those traditions which have had a significance to the community. Such ceremonies should recognize the religious pluralism of the community.
Therefore, the practice of the Sioux Falls School District shall be as follows:
 1. A dedication ceremony should recognize the religious pluralism of the community and be appropriate to those who use the facility. An open invitation should be extended to all citizens to participate in the ceremony.
 2. Traditions, i.e., invocation and benediction inherent in commencement ceremonies, should be honored in the spirit of accommodation and good taste.
 3. Because the baccalaureate service is traditionally religious in nature, it should be sponsored by agencies separate from the Sioux Falls School District.